JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Judith Locke

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Travis L. Starks, Starks Law, 1700 Market St., Suite 105, Philadelphia, PA 19103, (267) 670-8051

## DEFENDANTS

LVNV Funding, LLC, Resurgent Capital SErvices, LP, Valentine & Kepartas, LLC, Global Credit & Collection Corp.; Credit Control, LLC

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Lauren M. Burnette, Messer Strickler, Ltd., 12276 San Jose Blvd., Suite 718, Jacksonville, FL 32223

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |     Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &      Pharmaceutical     Slander      Personal Injury | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |     Liability    ☐ 368 Asbestos Personal ☐ 340 Marine      Injury Product ☐ 345 Marine Product      Liability | | ☐ 840 Trademark |     Corrupt Organizations ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |     Liability    **PERSONAL PROPERTY** ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☒ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending |     Act | ☐ 862 Black Lung (923) |     Exchange |
| ☐ 190 Other Contract |     Product Liability    ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Property Damage |     Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise |     Injury    ☐ 385 Property Damage ☐ 362 Personal Injury -      Product Liability | ☐ 740 Railway Labor Act ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 895 Freedom of Information |
| |     Medical Malpractice |     Leave Act | |     Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee |     Income Security Act |     or Defendant) |     Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |     Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/      Sentence | |     26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability |     Accommodations    ☐ 530 General | | |     State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty     Employment    **Other:** | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other     Other    ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☐ 448 Education    ☐ 555 Prison Condition |     Actions | | |
| | ☐ 560 Civil Detainee -      Conditions of      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
01/21/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

20     376

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: c/o Starks Law, Travis L. Starks, 1700 Market St., Suite 1005, Philadelphia, PA 19103

Address of Defendant: c/o Lauren M. Burnette, Messer Strickler, Ltd., 12276 San Jose Blvd, Suite 718, Jacksonville, FL 32223

Place of Accident, Incident or Transaction: _____ Collegeville, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/21/2020    _____    92412

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.      Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* _____ Consumer Credit--FDCPA _____

**B.      Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record or pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

JAN 22 2020

DATE: _____    _____    _____

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5 2018)*



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Judith Locke, an individual, Plaintiff | : | CIVIL ACTION |
| v. | : | |
| LVNV Funding, LLC; Resurgent Capital Services, | : | 20      376 |
| LP; Valentine & Kebartas, LLC; Global Credit & | : | |
| Collection Corp.; and Credit Control, LLC, jointly | : | NO. |
| and severally, Defendants. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (x)

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           ( )

| | | |
|---|---|---|
| January 21, 2020 | | LVNV Funding, LLC |
| **Date** | **Attorney-at-law** | **Attorney for**  Defendant |
| (904) 527-1172 | (904) 683-7353 | lburnette@messerstrickler.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN 22 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUDITH LOCKE, an adult individual,    :

      Plaintiff,    :

    v.    :  **CASE NO.**

LVNV FUNDING, LLC; RESURGENT    :
CAPITAL SERVICES, LP; VALENTINE    :
& KEBARTAS, LLC; GLOBAL CREDIT    :
& COLLECTION CORP.; and CREDIT    :
CONTROL, LLC, jointly and severally,    :

      Defendants.

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that on this date, Defendants LVNV Funding, LLC and

Resurgent Capital Services, LP hereby remove the above-captioned matter to this Court from the

Court of Common Pleas of Montgomery County and in support thereof aver as follows:

1.    Defendant LVNV Funding, LLC is a Defendant in a civil action originally filed on

October 25, 2019, in the Court of Common Pleas of Montgomery County, Pennsylvania titled

*Judith Locke, an adult individual, v. LVNV Funding, LLC; Resurgent Capital Services, LP;*

*Valentine & Kebartas, LLC; Global Credit & Collection Corp.; and Credit Control, LLC, jointly*

*and severally,* and docketed to Case No. 2019-28731.

2.    This removal is timely under 28 U.S.C. § 1446(b). LVNV received service of

process by certified mail on December 23, 2019.

3.    Pursuant to 28 U.S.C. § 1446(b), attached hereto as Exhibit A are copies of all

process, pleadings and orders LVNV received in the state court action.

4.    The United States District Court for the Eastern District of Pennsylvania has

original jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that Plaintiff filed claims

against the defendants alleging violations of the Fair Debt Collection Practices Act, 28 U.S.C. § 1692, *et seq.*

5.      On this date, LVNV has provided notice of this Removal to all counsel and unrepresented parties, and to the Court of Common Pleas of Montgomery County, Pennsylvania.

6.      The undersigned respectfully represents that as of the date of this Notice, according to the Montgomery County Prothonotary, no return of service evidencing service of process upon any other defendant has been filed.

WHEREFORE, Defendants LVNV Funding, LLC and Resurgent Capital Services, LP respectfully remove this case to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**MESSER STRICKLER, LTD.**

By:

LAUREN M. BURNETTE, ESQUIRE
PA Bar No. 92412
12276 San Jose Blvd
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
*Counsel for Defendants LVNV Funding, LLC and Resurgent Capital Services, LP*

Dated: January 21, 2020

2

## CERTIFICATE OF SERVICE

I certify that on January 21, 2020, a true copy of the foregoing document was served as

follows:

*Via U.S. Mail, Postage Prepaid*
Travis L. Starks
Vincent G. Trott
Starks Law
1700 Market St., Suite 1005
Philadelphia, PA 19103
*Counsel for Plaintiff*

*Via Electronic Filing*
Court of Common Pleas
Montgomery County
102 York Rd.
#302
Willow Grove, PA 19090

*Via U.S. Mail, Postage Prepaid*
Valentine & Kebartas, LLC
15 Union St., Suite 202
Lawrence, MA 01840

*Via U.S. Mail, Postage Prepaid*
Global Credit & Collection Corp.
5440 N. Cumberland Ave., Suite 300
Chicago, IL 60656

*Via U.S. Mail, Postage Prepaid*
Credit Control, LLC
5757 Phantom Dr., Suite 330
Hazlewood, MO 63042

**MESSER STRICKLER, LTD.**

By:

LAUREN M. BURNETTE, ESQUIRE
PA Bar No. 92412
12276 San Jose Blvd
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
*Counsel for Defendants LVNV Funding, LLC and
Resurgent Capital Services, LP*

Dated: January 21, 2020

3

# EXHIBIT A

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

JUDITH LOCKE

vs.

LVNV FUNDING LLC

Received Resurgent 12/23/2019

NO. 2019-28731

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

JUDITH LOCKE

vs.

LVNV FUNDING LLC

Received Resurgent 12/23/2019

NO.  2019-28731

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document commencing an action in the
Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid
in tracking cases in the court system. This form does not supplement or replace the filing and service of
pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:   TRAVIS LEE STARKS, Esq., ID: 323198

Self-Represented (Pro Se) Litigant ☐

| **Class Action Suit** | ☐ Yes | ☒ No | |
|---|---|---|---|
| **MDJ Appeal** | ☐ Yes | ☒ No | **Money Damages Requested** ☒ |

**Commencement of Action:**

Complaint

**Amount in Controversy:**

$50,000 or less

## Case Type and Code

Miscellaneous: _____

Other _____

**Other:**   FDCPA/RELATED STATE LAW

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Received Resurgent 12/23/2019

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

|  |  |
|---|---|
| JUDITH LOCKE, an adult individual, | : CIVIL DIVISION |
| Plaintiff, | : |
| v. | : Case No. |
| LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, LP; VALENTINE & KEBARTAS, LLC; GLOBAL CREDIT & COLLECTION CORP.; and CREDIT CONTROL, LLC, jointly and severally, | : |
| Defendants. | : **COMPLAINT IN CIVIL ACTION** |

Filed on Behalf of Plaintiff
Judith Locke

Counsel of Record:

STARKS LAW

Travis L. Starks, Esquire
PA I.D. #323198

Vincent G. Trott, Esquire
PA I.D. #307545

1700 Market Street, Suite 1005
Philadelphia, PA 19103

Telephone No.: (267) 670-8051
Fax No.:        (267) 670-8579
Email:          info@starks.law

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Received Resurgent 12/23/2019

**THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| JUDITH LOCKE, an adult individual, | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. |
| | : | |
| LVNV FUNDING, LLC; RESURGENT | : | |
| CAPITAL SERVICES, LP; VALENTINE | : | |
| & KEBARTAS, LLC; GLOBAL CREDIT | : | |
| & COLLECTION CORP.; and CREDIT | : | |
| CONTROL, LLC, jointly and severally, | : | |
| | : | |
| Defendants. | : | **NOTICE TO DEFEND** |
| | : | |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
100 West Airy Street (Rear)
Norristown, Pennsylvania 19404-0268
(610) 279-9660, Extension 201

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Received Resurgent 12/23/2019

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| JUDITH LOCKE, an adult individual, | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. |
| | : | |
| LVNV FUNDING, LLC; RESURGENT | : | |
| CAPITAL SERVICES, LP; VALENTINE | : | |
| & KEBARTAS, LLC; GLOBAL CREDIT | : | |
| & COLLECTION CORP.; and CREDIT | : | |
| CONTROL, LLC, jointly and severally, | : | |
| | : | |
| Defendants. | : | **COMPLAINT IN CIVIL ACTION** |
| | : | |

## COMPLAINT

**AND NOW**, comes the Plaintiff, Judith Locke, by and through her attorney, Travis L. Starks, Esquire, and files the following Complaint, and in support thereof Plaintiff avers the following:

## INTRODUCTION

1. This case involves the continued harassment of the Plaintiff, along with violation of laws, illegally attempting to collect on a debt from the Plaintiff.

2. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §2270.1 *et. seq.* ("FCEUA"), the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§201-1 *et. seq.* ("UTPCPL"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Received Resurgent 12/23/2019

## PARTIES

3.  Plaintiff is Judith Locke, a resident of the Commonwealth of Pennsylvania and a consumer, as defined by 15 U.S.C. §1692a(3), who resides at 3 Willow Lane, Collegeville, PA 19426.

4.  Defendant LVNV Funding, LLC ("LVNV") is a nationwide debt collector with a principal place of business at 15 South Main Street, Suite 600, Greenville, SC 29601.

5.  Defendant Resurgent Capital Services, LP ("Resurgent") is a third-party servicing company specializing in the management of consumer debt and is contracted to Defendant LVNV to provide serving on this account. Resurgent's principal place of business is 55 Beattle Pl. #110, Greenville, SC 29601.

6.  Defendant Valentine & Kebartas, LLC ("Valentine") is a nationwide debt collector with a principal place of business at 15 Union Street, Suite 202, Lawrence, MA 01840.

7.  Defendant Global Credit & Collection Corp. ("GCC") is a nationwide debt collector with a principal place of business at 5440 N Cumberland Ave, Suite 300, Chicago, IL 60656.

8.  Defendant Credit Control, LLC ("Credit Control") is a nationwide debt collector with a principal place of business at 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042.

9.  At all times relevant hereto, defendants were acting as debt collectors as that term is defined in the FDCPA, 15 U.S.C. § 1692a(6)

10. At all times material hereto, Defendants acted through their agents, servants and employees.

Received Resurgent 12/23/2019

## FACTUAL BACKGROUND

11. On or around September 26, 2017, LVNV caused a lawsuit to be filed against Plaintiff in the Magisterial District Court 38-1-24 in Montgomery County PA, Docket Number MJ-38124-CV-0000424-2017 (the "Lawsuit"), seeking to collect an amount of $2,325.77. The Docket Report is attached hereto as Exhibit "A".

12. Plaintiff first learned of LVNV's involvement in the collection of the alleged debt upon being served via USPS Certified Mail from the Magisterial District Court.

13. Plaintiff was not given a Validation Notice as required under 15 U.S.C. §1692g.

14. Without knowing the rights available to her and in a state of fear and panic, Plaintiff made a $150 payment to LVNV in an attempt to establish a payment plan that would stop the lawsuit going forward.

15. Although LVNV accepted this payment, the lawsuit proceeded.

16. Plaintiff consulted with Starks Law regarding the legal matter on October 28, 2017 and retained Starks Law on November 30, 2017.

17. On December 6, 2017, arguments were heard in the Magisterial District Court. The Court ruled in favor of Judith Locke in the matter as LVNV lacked the account level documentation and evidence necessary to collect on the alleged debt.

18. LVNV has thereafter failed to return the $150.00 sent to them by Plaintiff.

19. Notwithstanding the above, LVNV continued to report the debt at issue to the credit reporting agencies Equifax, TransUnion and Experian.

20. Plaintiff incurred attorney fees in defending against the collection complaint filed by LVNV.

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Received Resurgent 12/23/2019

21. As a direct and proximate result of LVNV's conduct, Plaintiff suffered harm to her reputation, emotional distress, mental anguish and humiliation.

22. On or about the end of February 2018, Plaintiff notified her counsel that she received a letter from Valentine & Kebartas, LLC dated February 22, 2018 ("February 22, 2018 Letter"). A copy of the letter is attached hereto as Exhibit "B".

23. At no time did Valentine & Kebartas, LLC send a Validation Notice as required under 15 U.S.C. §1692g.

24. The February 22, 2018 Letter lists LVNV as the accounts "Current Creditor".

25. The February 22, 2018 Letter states that "a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations.".

26. The February 22, 2018 Letter indicates an alleged debt of $2,175.77, which reflects the previously adjudicated debt reduced by the $150.00 payment sent by Plaintiff.

27. The February 22, 2018 Letter lists several offers of settlement and gives only 10 days to make payment.

28. Plaintiff's counsel attempted to communicate with Valentine to notify them that this matter has already been adjudicated in favor of Judith Locke.

29. Valentine refused to speak to Plaintiff's counsel and insisted that Plaintiff first seek out and obtain a notarized Power of Attorney for her attorney before they would speak to them.

30. Valentine refused to allow Plaintiff's attorney to provide them with a copy of the Docket and Notice of Judgment listing Plaintiff's attorney and showing the matter had been previously adjudicated in favor Judith Locke.

4

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Received Resurgent 12/23/2019

31. Within 30 days, Plaintiff received another communication from Valentine with identical settlement offers. A copy of the letter is attached hereto as Exhibit "C".

32. The communication was directed to Plaintiff although Valentine knew Plaintiff was represented by an attorney and had knowledge of, or could have readily ascertained, the name and address of Plaintiff's attorney.

33. The communication was written and mailed far enough after Defendant was notified that the matter had already been previously adjudicated to have been able to verify.

34. The communication also contained a 10-day period in which Plaintiff was to make payment for one of the offers all of which are identical to the offers listed in the communication dated February 22, 2018.

35. On May 20, 2018, Plaintiff notified counsel that they had received another communication, dated May 9, 2018 ("May 9, 2018 Letter"), from another debt collector by the name of Global Credit & Collections Corp. A copy of the letter is attached hereto as "Exhibit D".

36. The May 9 Letter lists LVNV as the "Current Creditor".

37. The May 9 Letter states they "have been authorized to collect the outstanding amount owed.".

38. The May 9 Letter states "Your delinquent Credit One Bank, N.A. account has been placed with our company for collections. We have been authorized to collect the outstanding amount owed."

39. The May 9, 2018 Letter states "If you do not pay the debt, LVNV Funding LLC may report or continue to report it to the credit reporting agencies as unpaid.".

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Received Resurgent 12/23/2019

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $250.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

40. On or about the end of November 2018, Plaintiff received a letter ("November 29, 2018 Letter") from another debtor collector known as Credit Control, LLC ("Credit Control"). A copy of the letter is attached hereto as "Exhibit E".

41. The November 29, 2018 Letter states that "This letter is to advise you that your account is past due and that this office is attempting to collect this account."

42. The November 29, 2018 Letter further states that "Please note that a negative credit record may be submitted to a credit reporting agency by current account owner if you fail to fulfill the terms of your credit obligations."

43. On or about July 9, 2019, Plaintiff received a second letter ("July 2019 Letter") from Credit Control stating that they had been retained by LVNV.

44. The July 2019 Letter lists LVNV as the "Current Creditor".

45. The July 2019 Letter contained settlement offers for Plaintiff to "[r]esolve your account for less than the amount due."

46. At all times, Defendant LVNV's actions both were in concert with, and had reasonable control over, its codefendants.

## FAIR DEBT COLLECTION PRACTICES ACT

47. Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

48. The FDCPA prohibits collectors from engaging in deceptive and unfair practices in the collection of consumer debt.

49. Defendants are subject to strict liability for violations of the provisions of the FDCPA.

Received Resurgent 12/23/2019

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

50. It is the purpose of the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

51. The FDCPA is to be enforced by private attorney generals. *Bogacki v. Regal Collections,* 385 F.3d 337,345 (3d Cir. 2004). The FDCPA provides for a fee shifting provision, the debt collector shall pay attorney fees.

52. 15 U.S.C. 1692a(6) "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.".

53. Violations of the FDCPA, FCEUA and UTPCPL are strict liability offenses. Plaintiff does not have to establish intent in order to establish a violation of the statute and incur statutory liability against the Defendants.

## COUNT I: FAIR DEBT COLLECTION PRACTICES ACT
### *As to Defendants LVNV and Resurgent*

54. The proceeding paragraphs are herein incorporated by reference.

55. At all times, based on information provided by LVNV on their own website (http;//lvnvfunding.com), Resurgent acted as the "manager and servicer" for LVNV on this account, and controlled all collection attempts on this account.

56. Thus, Resurgent shares liability for all of the actions stated in this count.

Received Resurgent 12/23/2019

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

57. LVNV's continued credit reporting of the alleged debt to the three credit reporting agencies violated 15 U.S.C. §1692e(2)(A) and U.S.C. §1692e(10) by using a false, deceptive or misleading representations and means in connection with the collection of a consumer debt.

58. LVNV's continued effort to collect the debt by using additional 3rd party collection agencies violated 15 U.S.C. §1692e(2)(A) and U.S.C. §1692e(10) by using a false, deceptive or misleading representations and means in connection with the collection of a consumer debt.

59. LVNV's use of additional debt collection agencies was a deceptive action by making the Plaintiff believe that she only had the options of paying the amount alleged or be the target of a never-ending effort to collect a debt by an increasing amount of debt collection agencies.

60. LVNV's failure to return the $150 is a false representation that money is owed them and therefore not returnable in violation of 15 U.S.C. §1692e.

61. LVNV's ongoing efforts to collect this debt in general is a violation of 15 U.S.C. §1692d that states "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.".

62. LVNV's continued efforts to collect a debt that has already been adjudicated by the courts in this jurisdiction is an attempt to harass Plaintiff until payment is made.

63. Defendants' communication directly with Plaintiff instead of through Plaintiff's counsel violated 15 U.S.C. §1692c(a)(2) which prohibits a debt collector from directly communicating with a consumer where "the debt collector knows the consumer is

Received Resurgent 12/23/2019

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address...".

64. Defendants' actions, both individually and in coordination with its codefendants, showed a wanton and willful disregard for the plain language of the statute.

**WHEREFORE,** Plaintiff request that the Court enter judgment in favor of Plaintiff and against Defendant as follows.

(1) Actual damages with treble damages as allowed by statute;

(2) Award Plaintiff statutory damages in the amount of One Thousand Dollars ($1,000) for each violation of the FDCPA or each separate and discrete incident in which defendants have violated the FDCPA, in that Plaintiff could have brought separate actions but consolidated same for judicial economy. *Rabideau v. Management Adjustment Bureau,* 805 F. Supp. 1086, 1095 (W.D.N.Y. 1992)

(3) Award Plaintiff damages for anxiety, harassment, and intimidation directed at Plaintiff in an amount to be determined by this Honorable Court.

(4) Award Plaintiff court costs in this litigation,

(5) Award Plaintiff a reasonable attorney's fees for hours reasonably expended by her attorney in vindicating Plaintiff's rights under the FDCPA, permitted by 15 U.S.C. §1692k(a)(3).

(6) Award any such other relief as this Honorable Court deems necessary and proper or law or equity may provide, including but not limited to punitive damages and sanctions.

### COUNT II: FAIR DEBT COLLECTION PRACTICES ACT
*As to Defendant Valentine & Kebartas*

65. The proceeding paragraphs are herein incorporated by reference.

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Received Resurgent 12/23/2019

66. Defendant, by mailing or causing to be mailed a collection letter to Plaintiff after the matter had already been adjudicated violated 15 U.S.C. §1692e(2)(A) by falsely representing the legal status of a debt.

67. Defendant failed to provide a validation notice in violation of 15 U.S.C. §1692g(a).

68. Defendant's communication directly with Plaintiff instead of through Plaintiff's counsel violated 15 U.S.C. §1692c(a)(2) which prohibits a debt collector from directly communicating with a consumer where "the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…".

69. Defendant continued to try and collect a debt, after being notified by Plaintiff's attorney that the debt alleged had previously been adjudicated. This violated 15 U.S.C. §1692d which prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt".

70. Defendants continues and repeated attempts to collect from the Plaintiff, both individually and in coordination with its codefendants, showed a wanton and willful disregard for the plain language of the statute.

**WHEREFORE**, Plaintiff request that the Court enter judgment in favor of Plaintiff and against Defendant as follows.

(1) Actual damages with treble damages as allowed by statute;

(2) Award Plaintiff statutory damages in the amount of One Thousand Dollars ($1,000) for each violation of the FDCPA or each separate and discrete incident in which defendants have violated the FDCPA *Rabideau v. Management Adjustment Bureau*, 805 F. Supp.

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Received Resurgent 12/23/2019

1086, 1095 (W.D.N.Y. 1992), in that Plaintiff could have brought separate actions but consolidated same for judicial economy.

(3) Award Plaintiff damages for anxiety, harassment, and intimidation directed at Plaintiff in an amount to be determined by this Honorable Court.

(4) Award Plaintiff court costs in this litigation,

(5) Award Plaintiff a reasonable attorney's fees for hours reasonably expended by her attorney in vindicating Plaintiff's rights under the FDCPA, permitted by 15 U.S.C. §1692k(a)(3).

(6) Award any such other relief as this Honorable Court deems necessary and proper or law or equity may provide, including but not limited to punitive damages and sanctions.

### COUNT III: FDCPA FAIR DEBT COLLECTION PRACTICES ACT
*As to Defendants Global Credit & Collection Corp. and Credit Control LLC*

71. The proceeding paragraphs are herein incorporated by reference.

72. Defendants, by mailing or causing to be mailed a collection letter to Plaintiff after the matter had already been adjudicated violated 15 U.S.C. §1692e(2)(A) by falsely representing the legal status of a debt.

73. Defendants' communication directly with Plaintiff instead of through Plaintiff's counsel violated 15 U.S.C. §1692c(a)(2) which prohibits a debt collector from directly communicating with a consumer where "the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…".

11

Received Resurgent 12/23/2019

74. Defendants, by mailing or causing to be mailed a collection letter to Plaintiff after the matter had already been adjudicated violated 15 U.S.C. §1692d which prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt".

75. Defendants continues and repeated attempts to collect from the Plaintiff, both individually and in coordination with its codefendant LVNV, showed a wanton and willful disregard for the plain language of the statute.

**WHEREFORE**, Plaintiff request that the Court enter judgment in favor of Plaintiff and against Defendant as follows.

(1) Actual damages with treble damages as allowed by statute;

(2) Award Plaintiff statutory damages in the amount of One Thousand Dollars ($1,000) for each violation of the FDCPA or each separate and discrete incident in which defendants have violated the FDCPA, in that Plaintiff could have brought separate actions but consolidated same for judicial economy. *Rabideau v. Management Adjustment Bureau*, 805 F. Supp. 1086, 1095 (W.D.N.Y. 1992)

(3) Award Plaintiff damages for anxiety, harassment, and intimidation directed at Plaintiff in an amount to be determined by this Honorable Court.

(4) Award Plaintiff court costs in this litigation,

(5) Award Plaintiff a reasonable attorney's fees for hours reasonably expended by her attorney in vindicating Plaintiff's rights under the FDCPA, permitted by 15 U.S.C. §1692k(a)(3).

(6) Award any such other relief as this Honorable Court deems necessary and proper or law or equity may provide, including but not limited to punitive damages and sanctions.

12

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Received Resurgent 12/23/2019

## COUNT IV: FAIR CREDIT EXTENSION UNIFORMITY ACT

76. The proceeding paragraphs are herein incorporated by reference.

77. If this Honorable Court finds that the Defendants are not liable under the FDCPA, they still remain liable to the Plaintiff under the FCEUA.

78. The FCEUA states that "It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act (Public Law 95-109, 15 U.S.C. § 1692 et seq.)." 73 P.S. §2270.4(a)

79. The language of the FCEUA extends liability not just to debt collectors, but also to creditors. *Id.* at §2270.4(b)

80. As noted on all communications from all the defendants acting as debt collectors, that LVNV stood not only as a third-party debt collector, but also as the creditor under the definition of the FCEUA.

81. Defendants, both collectively and individually, acted with willful and wanton disregard for the language of the FCEUA.

82. Defendants violated 73 P.S. §2270.4(b)(2)(ii) by attempting to communicate directly with the Plaintiff after the creditor was aware, or reasonably should have been aware that Plaintiff was represented by counsel for this debt, and without the prior consent of the Plaintiff.

83. Defendants violated 73 P.S. §2270.4(b)(4) by their repeated actions of which was the clear intent to "[h]arass, oppress or abuse any person in connection with the collection of a debt."

84. Defendants violated 73 P.S. §2270.4(b)(5) by making "[f]alse, deceptive or misleading representation or means in connection with the collection of any debt."

13

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Received Resurgent 12/23/2019

85. Defendants specifically violated 73 P.S. §2270.4(b)(5)(ii) by repeatedly stating that Plaintiff owed a debt.

86. Defendants violated 73 P.S. §2270.4(b)(6) through the use of "[u]nfair or unconscionable means to collect or attempt to collect any debt."

**WHEREFORE,** Plaintiff request that the Court enter judgment in favor of Plaintiff and against Defendant as follows.

(1) Actual damages, with treble damages applied;

(2) Award Plaintiff statutory damages in the amount of One Hundred Dollars ($100) for each violation of the FCUEA against each defendant, as that Plaintiff could have brought separate actions but consolidated same for judicial economy.

(3) Award Plaintiff damages for anxiety, harassment, and intimidation directed at Plaintiff in an amount to be determined by this Honorable Court.

(4) Award Plaintiff court costs in this litigation,

(5) Award Plaintiff a reasonable attorney's fees for hours reasonably expended by her attorney in vindicating Plaintiff's rights under the FCEUA through the UTPCPL, as permitted by 73 P.S. §201-9.2(a).

(6) Award any such other relief as this Honorable Court deems necessary and proper or law or equity may provide, including but not limited to punitive damages, sanctions and a permanent injunction.

## COUNT V: UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

87. The proceeding paragraphs are herein incorporated by reference.

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Received Resurgent 12/23/2019

88. As noted by both state and federal courts in this jurisdiction, The FCEUA's enforcement provision states: "If a debt collector or creditor engages in an unfair or deceptive collection act or practice under this act, it shall constitute a violation of the … [UTPCPL]…it is enforced through the remedial provision of the UTPCPL." *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 182 (3d Cir. 2015).

89. Further, under the UTPCPL, 73 P.S. §201-2(4)(xxi), Defendants' behavior as demonstrated above acted as "Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."

90. Defendants acted both individually and in concert with Defendant LVNV.

**WHEREFORE**, Plaintiff request that the Court enter judgment in favor of Plaintiff and against Defendant as follows.

(1) Actual damages;

(2) Award Plaintiff statutory damages in the amount of One Hundred Dollars ($100) for each violation of the UTPCPL against each defendant, as that Plaintiff could have brought separate actions but consolidated same for judicial economy.

(3) Award Plaintiff damages for anxiety, harassment, and intimidation directed at Plaintiff in an amount to be determined by this Honorable Court.

(4) Award Plaintiff court costs in this litigation,

(5) Award Plaintiff a reasonable attorney's fees for hours reasonably expended by her attorney in vindicating Plaintiff's rights under the UTPCPL, as permitted by 73 P.S. §201-9.2(a).

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Received Resurgent 12/23/2019

(6) Award any such other relief as this Honorable Court deems necessary and proper or law or equity may provide, including but not limited to treble damages, punitive damages, sanctions and a permanent injunction.

## COUNT V: FAIR CREDIT REPORTING ACT

91. The proceeding paragraphs are herein incorporated by reference.

92. Defendants have each violated the FCRA both in their individual capacities, and in acting in concert, as evidenced by the letters attached hereto as exhibits.

93. Defendants have violated 15 U.S.C. §1681s-2(a)(1)(A) for reporting this account to the consumer reporting agencies with actual knowledge of errors, as this account has already been adjudicated that Plaintiff is not liable to Defendant.

94. Defendants LVNV and Valentine have violated 15 U.S.C. §1681s-2(a)(1)(B) as they continued to report the account delinquent to the credit reporting agencies even when Plaintiff's counsel has contacted the Defendants, and in the case of Valentine, been offered proof of the judgment in favor of Plaintiff against LVNV.

95. Defendants have violated 15 U.S.C. §1681s-2(a)(2)(B) by providing information to the consumer reporting agencies that they know or reasonably should have known was not complete and accurate.

96. Defendants have violated 15 U.S.C. §1681s-2(a)(3) for failing to provide notice to the credit reporting agencies that Plaintiff has disputed the validity of the account owned by LVNV.

97. Defendants have violated 15 U.S.C. §1681s-2(a)(8) by refusing to investigate the disputed account based upon the information provided by both Plaintiff and Plaintiff's counsel. Defendants' violations of the act are willful because they persisted after they were

16

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Received Resurgent 12/23/2019

contacted and notified by Plaintiff's attorneys that the account had been adjudicated and a judgment entered that Plaintiff has no liability to LVNV Funding on the account.

98. Defendants' violations of the act are negligent because they should be aware that the account had been adjudicated and a judgment entered that Plaintiff has no liability to LVNV Funding on the account.

**WHEREFORE,** Plaintiff request that the Court enter judgment in favor of Plaintiff and against Defendant as follows.

(1) Actual damages;

(2) Award Plaintiff statutory damages in the amount of One Thousand Dollars($1,000) for each violation of the FCRA as prescribed under 15 U.S.C. §1681.

(3) Award Plaintiff damages for anxiety, harassment, and intimidation directed at Plaintiff in an amount to be determined by this Honorable Court.

(4) Award Plaintiff court costs in this litigation,

(5) Award Plaintiff a reasonable attorney's fees for hours reasonably expended by her attorney in vindicating Plaintiff's rights under the FCRA, permitted by 15 U.S.C. §1681n(a)(3).

(6) Award any such other relief as this Honorable Court deems necessary and proper or law or equity may provide, including but not limited to punitive damages, sanctions and a permanent injunction.

Received Resurgent 12/23/2019

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully Submitted,

Date:  Dec 13, 2019                          By:

STARKS LAW

Travis L. Starks, Esq.
Pa. ID. #323198

Vincent G. Trott, Esq.
Pa. ID #307545

**Attorneys for Plaintiff**

18

Received Resurgent 12/23/2019

## VERIFICATION

I, <u>Judith Locke</u>, Plaintiff, aver that the statements contained in the foregoing Complaint in

Civil Action are true and correct to the best of my information, knowledge and belief, and are

made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904 relating to the unsworn

falsification to authorities

Date: Dec 13, 2019                         By: _Judith Locke_

Judith Locke (Dec 13, 2019)

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Received Resurgent 12/23/2019

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Case Records Public Access

Policy of the Unified Judicial System of Pennsylvania that require filing confidential information

and documents differently than non-confidential information and documents.

Respectfully Submitted,

Date:   Dec 13, 2019                    By:

STARKS LAW

Travis L. Starks, Esq.
Pa. ID. #323198

Vincent G. Trott, Esq.
Pa. ID #307545

Attorneys for Plaintiff

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $330.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## Magisterial District Judge 38-1-24

# Exhibit A

**Docket Number: MJ-38124-CV-0000424-2017**

## Civil Docket

LVNV Funding LLC
v.
Judith Locke

Page 1 of 2

| Judge Assigned: | Magisterial District Judge Albert J. Augustine | | File Date: | 09/26/2017 |
|---|---|---|---|---|
| Claim Amount: | $2,325.77 | | Case Status: | Closed |
| Judgment Amount: | | | County: | Montgomery |

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Civil Action Hearing | 10/31/2017 | 9:00 am | | Magisterial District Judge Albert J. Augustine | Continued |
| Civil Action Hearing | 12/06/2017 | 10:30 am | | Magisterial District Judge Albert J. Augustine | Scheduled |

| Participant Type | Participant Name | Address |
|---|---|---|
| Plaintiff | LVNV Funding LLC | Greenville, SC 29603 |
| Defendant | Locke, Judith | Collegeville, PA 194261635 |

| Docket Number | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-38124-CV-0000424-2017 | LVNV Funding LLC | Judith Locke | Judgment for Defendant | 12/06/2017 |

| Private | Private |
|---|---|
| Name: Ralph Gulko, Esq. | Name: Travis Lee Starks, Esq. |
| Representing: LVNV Funding LLC | Representing: Locke, Judith |
| Counsel Status: Active - Entry of Appearance | Counsel Status: Active - Entry of Appearance |
| Supreme Court No.: 032771 | Supreme Court No.: 323198 |
| Phone No.: 973-753-5100 | Phone No.: 267-670-8051 |
| Address: Pressler and Pressler, LLP<br>7 Entin Rd.<br>Parsippany, NJ 07054-5020 | Address: Starks Law<br>1700 Market Street, Suite 1005<br>Philadelphia, PA 19103 |
| Entry of Appearance Filed Dt: 09/26/2017 | Entry of Appearance Filed Dt: 12/05/2017 |
| Withdrawal of Entry of Appearance Filed Dt: | Withdrawal of Entry of Appearance Filed Dt: |

MDJS 1200

Printed: 08/14/2018 12:37 am

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

## Magisterial District Judge 38-1-24



Docket Number: MJ-38124-CV-0000424-2017

### Civil Docket

LVNV Funding LLC
v.
Judith Locke

Page 2 of 2

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 12/06/2017 | Judgment for Defendant | Magisterial District Court 38-1-24 | Judith Locke, Defendant |
| 12/05/2017 | Entry of Appearance Filed | Travis Lee Starks, Esq. | Judith Locke, Defendant |
| 10/31/2017 | Intent to Defend Filed | Judith Locke | Judith Locke, Defendant |
| 10/31/2017 | Certified Civil Complaint Accepted | Magisterial District Court 38-1-24 | Judith Locke, Defendant |
| 09/26/2017 | Certified Civil Complaint Issued | Magisterial District Court 38-1-24 | Judith Locke, Defendant |
| 09/26/2017 | Entry of Appearance Filed | Ralph Gulko, Esq. | LVNV Funding LLC, Plaintiff |
| 09/26/2017 | Civil Complaint Filed | LVNV Funding LLC | |

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

P.O. BOX 5804
TROY MI 48007-5804
RETURN SERVICE REQUESTED



# Exhibit B
## Valentine & Kebartas, LLC

P.O. Box 325 • Lawrence, MA 01842
800-462-4884

**Office Hours**
Monday - Thursday: 8am - 8pm
Friday: 8am - 5pm
Saturday: 8am - Noon

**February 22, 2018**



3-OTVAKI10  L-315
P7ZN1G00400253 -539761064 100506
JUDITH LOCKE
3 WILLOW LN
COLLEGEVILLE PA 19426-1635

Account No.: ████6187
Current Creditor: LVNV FUNDING LLC
Original Creditor : CREDIT ONE BANK  N.A.
Current Due: $2,175.77

### SETTLEMENT OFFER

Dear JUDITH LOCKE:

This letter is to inform you of a special offer on the collection account listed above.

Our client wants our records to reflect that they have made every attempt to resolve this matter. Please see the options listed below approved by our client at this tim

Take advantage of a discount up to 40% off the current balance: Make a one-time payment on or before 2/28/2018.

Take advantage of a discount up to 30% off the current balance: Make three payments: 1st payment due by 2/28/2018, 2nd payment due by 3/28/2018, 3rd payment due by 4/28/2018.

Take advantage of a discount up to 20% off the current balance: Make nine payments: 1st payment due by 2/28/2018, 2nd payment due by 3/28/2018, 3rd payment due by 4/28/2018, 4th payment due by 5/28/2018, 5th payment due by 6/28/2018, 6th payment due by 7/28/2018, 7th payment due by 8/28/2018, 8th payment due by 9/28/2018, 9th payment due by 10/28/2018.

Please call to 800-462-4884  within 10 days to secure one of the above options.

Upon securing one of the above options, we will notify our client that a satisfactory arrangement has been made to settle the above debt.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fa fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

**Important Notice**
This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.

Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance.

✂ Detach Bottom Portion And Return With Payment ✂

Account No.: ████6187
Current Due: $2,175.77
Current Creditor: LVNV FUNDING LLC

IF PAYING BY VISA OR MASTERCARD COMPLETE BELOW
☐ Visa   ☐ Mastercard

| Card Number | Must include 3 Digit Security Code From Back of Card |
| Signature | Exp. Date | Amount |
| Printed Name | I AUTHORIZE CREDIT CARD PAYMENT FOR AMOUNT SHOWN BELOW |
| | AMOUNT OF PAYMENT | $ |

VALENTINE & KEBARTAS, LLC.
P.O. BOX 325
LAWRENCE MA 01842-0625

February 22, 2018        L-315

Received Resurgent 12/7/2/

complies with the provisions of the Public Access Policy of the differently than non-confidential information and documents.

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The Filer certifies that the filing Information and documents Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing



P.O. BOX 5604
TROY, MI 48007-5604
RETURN SERVICE REQUESTED

# Exhibit C

## Valentine & Kebartas, LLC

P.O. Box 325 • Lawrence, MA 01842
800-462-4884

**Office Hours**
Monday – Thursday: 8am - 8pm
Friday: 8am - 5pm
Saturday: 8am - Noon

March 20, 2018

S-OTVAKI10 L-316
P8306800401526-541990128 I09660
JUDITH LOCKE
3 WILLOW LN
COLLEGEVILLE PA 19426-1635



Account No.: ▮▮440
Current Creditor: LVNV FUNDING LLC
Original Creditor : FNBM LLC
Current Due: $2,175.77

Received resurgent 12/26/2019... complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### SETTLEMENT OFFER

Dear JUDITH LOCKE:

This letter is to inform you of a special offer on the collection account listed above.

Our client wants our records to reflect that they have made every attempt to resolve this matter. Please see the options listed below approved by our client at this time.

* Take advantage of a discount up to 40% off the current balance: Make a one-time payment on or before 3/30/2018.
* Take advantage of a discount up to 30% off the current balance: Make three payments: 1st payment due by 3/30/2018, 2nd payment due by 4/30/2018, 3rd payment due by 5/30/2018.
* Take advantage of a discount up to 20% off the current balance: Make nine payments: 1st payment due by 3/30/2018, 2nd payment due by 4/30/2018, 3rd payment due by 5/30/2018, 4th payment due by 6/30/2018, 5th payment due by 7/30/2018, 6th payment due by 8/30/2018, 7th payment due by 9/30/2018, 8th payment due by 10/30/2018, 9th payment due by 11/30/2018.

Please call to 800-462-4884  within 10 days to secure one of the above options.

Upon securing one of the above options, we will notify our client that a satisfactory arrangement has been made to settle the above debt.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

**Important Notice**
This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.

Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance.

✂ Detach Bottom Portion And Return With Payment ✂

Account No.: ▮▮3440
Current Due: $2,175.77
Current Creditor: LVNV FUNDING LLC

| PAYMENT BY CREDIT CARD (CHECK CARD YOU ARE USING) | | |
|---|---|---|
| ☐ Visa | ☐ Mastercard | |
| Card Number | Must include 3 Digit Security Code From Back of Card | |
| Signature | Exp. Date | Amount |
| Printed Name | I AUTHORIZE CREDIT CARD PAYMENT FOR AMOUNT SHOWN BELOW | |
| | AMOUNT OF PAYMENT | $ |

VALENTINE & KEBARTAS, LLC.
P.O. BOX 325
LAWRENCE MA 01842-0825

March 20, 2018      L-315

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $299.00. The filer certifies that this filing

TO: TRAVIS Stank ESQ, 5/20/18, FROM: J. Locke
cc: VINCENT ROT, ESQ — (3-pages)

# G L O B A L

**Exhibit D**

C R E D I T & C O

5440 N Cumberland Ave STE 300
Chicago IL 60656-1490
**ELECTRONIC SERVICE REQUESTED**

May 9, 2018                28532885

| Account No. | Reference No. | Balance |
|---|---|---|
| 34316444 | ************8329 | 2176.77 |

Credit One Bank, N.A.



Judith Locke
3 Willow Ln
Collegeville, PA  194261635

Global Credit & Collection Corp.
5440 N Cumberland Ave STE 300
Chicago IL 60656-1490

*** Detach Upper Portion and Return with Payment ***

| Account No. | Reference No. | Balance |
|---|---|---|
| 34316444 | ************8329 | 2175.77 |

LVNV Funding LLC

Dear Judith Locke,

Your delinquent Credit One Bank, N.A. account has been placed with our company for collections. We have been authorized to collect the outstanding amount owed.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

The law limits how long you can be sued on a debt.  Because of the age of your debt, LVNV Funding LLC will not sue you for it.  If you do not pay the debt, LVNV Funding LLC may report or continue to report it to the credit reporting agencies as unpaid.

Sincerely,

Collections Department
1-888-306-0514

**Hours of Operation:**
Monday-Thursday 8:00 am - 9:00 pm CST / Friday 8:00 am - 5:00 pm CST / Saturday 8:00 am - 12 Noon CST

This is an attempt to collect a debt by a debt collector.  Any information obtained will be used for that purpose.
**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Received 2018-26731-0T000 filed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

*TO: TRAVIS Shank, Esq*
*4/20/18*



# PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the 4/23/2019 "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P. | CACV of Colorado, LLC | Resurgent Capital Services PR LLC |
| Sherman Acquisition L.L.C. | LVNV Funding, LLC | Sherman Originator III LLC |
| SFG REO, LLC | PYOD LLC | Anson Street LLC |
| Pinnacle Credit Services, LLC | CACH, LLC | Ashley Funding Services LLC |
| Sherman Originator LLC | | |

**Information We May Collect.** The Resurgent Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.

04262016

-9Xw1QoNtAEf7

Case ID: 2019-28731 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



P.O. BOX 5804
TROY MI 48007-5804
RETURN SERVICE REQUESTED

# Valentine & Kebartas, LLC

P.O. Box 325 • Lawrence, MA 01842
800-482-4884

**Office Hours**
Monday - Thursday: 8am - 8pm
Friday: 8am - 5pm
Saturday: 8am - Noon

May 4, 2018



S-CTVAKI10  L-315
P99YHK00200934 -545591964 I01868
JUDITH LOCKE
3 WILLOW LN
COLLEGEVILLE PA 19426-1635

Account No.: 790314
Current Creditor: LVNV FUNDING LLC
Original Creditor: FNBM LLC
Current Due: $2,175.77

## SETTLEMENT OFFER

Dear JUDITH LOCKE:

This letter is to inform you of a special offer on the collection account listed above.

Our client wants our records to reflect that they have made every attempt to resolve this matter. Please see the options listed below approved by our client at this time

Take advantage of a discount up to 40% off the current balance: Make a one-time payment on or before 5/18/2018.

Take advantage of a discount up to 30% off the current balance: Make three payments: 1st payment due by 5/18/2018, 2nd payment due by 6/18/2018, 3rd payment due by 7/18/2018.

Take advantage of a discount up to 20% off the current balance: Make nine payments: 1st payment due by 5/18/2018, 2nd payment due by 6/18/2018, 3rd payment due by 7/18/2018, 4th payment due by 8/18/2018, 5th payment due by 9/18/2018, 6th payment due by 10/18/2018, 7th payment due by 11/18/2018, 8th payment due by 12/18/2018, 9th payment due by 1/18/2018.

Please call to 800-482-4884  within 10 days to secure one of the above options.

Upon securing one of the above options, we will notify our client that a satisfactory arrangement has been made to settle the above debt.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

**Important Notice**
This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.

Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance.

---

✂ Detach Bottom Portion And Return With Payment ✂

| Account No.: 790314 |
| Current Due: $2,175.77 |
| Current Creditor: LVNV FUNDING LLC |

IF PAYING BY VISA OR MASTERCARD COMPLETE BELOW

☐ Visa  ☐ Mastercard

| Card Number | Must Include 3 Digit Security Code From Back of Card: |
| Signature | Exp. Date | Amount |
| Printed Name | I AUTHORIZE CREDIT CARD PAYMENT FOR AMOUNT SHOWN BELOW |
| | AMOUNT OF PAYMENT  $ |



REMIT TO:

VALENTINE & KEBARTAS, LLC.
P.O. BOX 325
LAWRENCE MA 01842-0625

May 4, 2018          L-315

Case# 2019-28731-0 Docketed at Montgomery County Prothonotary on 12/16/2019 11:47 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.





062S0010060106

$7.000
US POSTAGE
FIRST-CLASS
FROM 32216
DEC 18 2019
stamps.com



CERTIFIED MAIL®

9414 8118 9956 1109 5537 31

Resurgent Capital Services LP
55 Beattle Pl #110
Greenville SC 29601

S

STARKS LAW
Peace of Mind Starts Here

1700 MARKET ST., SUITE 1005
PHILADELPHIA, PA 19103